# CLARK, HUNT & EMBRY
### ATTORNEYS AT LAW

BRUCE J. EMBRY
WILLIAM J. HUNT
WILLIAM F. AHERN, JR.
HENRY W. CLARK
JAMES T. BUCHANAN
DAVID GRAY HANSON

MICHAEL B. NEWMAN
DIANE SWIERCZYNSKI
JOSHUA D. KRELL
DAVID J. BURBRIDGE
CHRISTOPHER A. MYER
ANDREA M. YOUNG
MANDI JO HANNEKE
STACEY A. WARD
ARMANDO J. ACOSTA
SARAH M. ALLEN
DOUGLAS A. LEVINE

July 25, 2005

Clerk's Office
United States District Court
For the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

Re:  **Salvatore Vacirca v. National Machinery Company and National Machinery, LLC**
Docket No. 05-11419-MLW
Removal of Middlesex Superior Court Civil Action No. 04-03022

Dear Sir/Madam:

Enclosed please find a certified copy of the Middlesex Superior Court docket which was removed to United States District Court.

Thank you.

Very truly yours,

William F. Ahern, Jr.

WFA/jh
Enclosure

cc:  Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481
(w/o enclosures)

MICV2004-03022

Salvatore Vacirca

v.

National Machinery Company and National Machinery, LLC

Removed to United States District Court

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-03022

I, Mary Rosa, Deputy Assistant Clerk of the Superior Court, within and for said
County of Middlesex, do certify that the annexed papers are true copies made by
photographic process of pleadings entered in the Superior Court on the 19th day of July,
in the year of our Lord, Two Thousand Five.



In testimony whereof, I hereunto set my
hand and affix the seal of said Superior
Court, at Cambridge, in said County, this
19th day of July, in the year of our Lord, Two
Thousand Five.

_Mary Rosa_
Deputy Assistant Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

# 05    11419 MLW NO.



)
SALVATORE VACIRCA,                      )
    Plaintiff                           )
                                        )
v.                                      )       **NOTICE OF REMOVAL O...**
                                        )
NATIONAL MACHINERY COMPANY              )
AND NATIONAL MACHINERY, LLC,            )
    Defendants                          )
_____)

Now comes the defendant herein, National Machinery LLC, pursuant to the

provisions of Title 28, U.S.C., §§ 1441(b) and 1446 and hereby gives notice of removal

of a certain civil action as more fully set forth below, and prays that this Court accept

jurisdiction thereof and adjudicate the dispute between the parties, as provided for by

law:

1.    There was commenced, and is now pending in the Middlesex Superior

Court, Middlesex County, Commonwealth of Massachusetts, a certain civil action

bearing Civil Action No. MICV2004-03022, in which the above-named Salvatore

Vacirca is the plaintiff and National Machinery Company and National Machinery LLC

are the defendants.

2.    Said action is a civil tort action that contains claims alleging negligence

and breach of implied warranty against the defendants. As set forth in the plaintiff's

amended complaint, the plaintiff is a citizen of Massachusetts and the defendants are

citizens of a state other than Massachusetts. More specifically, defendants are foreign

corporations, i.e., Ohio corporations, with their principal places of business in Ohio.

The plaintiff has claimed damages in the amount of $258,500.00 in connection with

the alleged permanent amputation of his dominant right hand. (See Plaintiff's Civil

Action Cover Sheet, contained in Exhibit D).

3.      As such, said civil action, is one of which the District Court of the United States is given diversity jurisdiction pursuant to 28 U.S.C., § 1332.

4.      This notice is filed in this Court within thirty (30) days after the receipt by the defendant National Machinery LLC of a copy of the plaintiff's amended complaint setting forth a claim for relief upon which the action is based, and the time for removal under 28 U.S.C., § 1446 has not expired.

5.      National Machinery LLC was not named as a defendant in the plaintiff's original complaint. The defendant National Machinery Company was never served with, and has not answered, the original complaint that was filed by the plaintiff in this matter. The plaintiff attempted to serve National Machinery Company with the original complaint on October 24, 2004 at the address of "161 Greenfield Street, Tiffin, OH 44883-2471." (See Summons, Affidavit of Richard J. Sullivan, and attached return receipt annexed hereto as Exhibit A). However, since February of 2002, the address of 161 Greenfield Street, Tiffin, OH has not been a valid street address or place of business for National Machinery Company (See Certification of John H. Bolte, III, attached hereto as Exhibit B.) As such, the plaintiff's original complaint was not served upon the only named defendant therein, National Machinery Company.

6.      While National Machinery Company is a named defendant in the plaintiff's amended complaint, it has not been served with, and has not answered, the amended complaint that was filed by plaintiff in this matter. The plaintiff attempted to serve National Machinery Company with the amended complaint on June 6, 2005 at the address of P.O. Box 747, Tiffin, Ohio 44883. (See Summons, Affidavit of Richard J. Sullivan, and attached return receipt annexed hereto as Exhibit C). However, since February 2002, P.O. Box 747 has not been the post office box address nor has it been the principal place of business for The National Machinery Company (See Certification

of John Bolte, III, attached hereto as Exhibit B.) As such, the plaintiff's amended complaint has not been served upon defendant National Machinery Company.

7.    Written notice of the filing of this Notice will be provided to all adverse parties as required by law.

8.    A certified copy of this Notice will be filed with the Clerk of the Middlesex Superior Court.

9.    There is, attached as Exhibit D and by reference made a part hereof, a true and accurate copy of the Summons (against National Machinery, LLC), Amended Complaint, and Civil Action Cover Sheet filed by the plaintiff in this action.

WHEREFORE, the petitioning defendants pray that this action be removed to this Court.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

Michael B. Newman (632222)
William F. Ahern, Jr. (013365)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2005, I caused copies of the foregoing document to be served on counsel to the parties to this action by first class mail.

Michael B. Newman

PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
(TORT)— MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3022 12

........... MIDDLESEX ........... , ss
[seal]

Salvatore Vacirca ...... , Plaintiff(s)

v.

National Machinery Co. and
...Doe..Company................ , Defendant(s)

## SUMMONS

To the above-named Defendant:  National Machinery Co.

You are hereby summoned and required to serve upon ..Richard..Sullivan..of..Sullivan..&
.Sullivan,..LLP.................... plaintiff's attorney, whose address is ..31..Washington..St..,
Wellesley,..MA..02481......................................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Lowell,..MA.............
......................................................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ..Cambridge............................................................
the First ................................................ day of ..September ......................................
....................., in the year of our Lord ..2004................................. .

Edward J Sullivan
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

RM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

*r in this action.*

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                     SUPERIOR COURT
                                                   C.A. # MICV2004-03022

SALVATORE VACIRCA,                  )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
NATIONAL MACHINERY COMPANY,         )
And DOE COMPANY,                    )
        Defendants                  )

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO
### MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.    Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery
      Company service of process by mailing a copy of the following by United States
      Express Mail, Return Receipt Requested:

      Copy of Plaintiff's Complaint
      Copy of Plaintiff's Summons

2.    As proof of service I attach the signed return receipt, # EU 803338837 US, date
      of delivery October 21, 2004.

Signed under the pains and penalties of perjury this 27th day of October 2004

                                          Richard J. Sullivan



■ Also complete
...very is desired.
...and address on the reverse
...can return the card to you.
...rt this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

President
National Machinery Co.
Corporate Head quarters
161 Greenfield Street
Tiffin, OH 44883-2471

2. Article Number
*(Transfer from service label)*  EU 803338637 US

PS Form 3811, August 2001        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

OCT 21 2004

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

102595-02-M-1540

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
C.A. #MICV2004-03022

| | |
|---|---|
| SALVATORE VACIRCA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL MACHINERY COMPANY, | ) |
| and NATIONAL MACHINERY, LLC, | ) |
| | ) |
| Defendants | ) |

## CERTIFICATION OF JOHN H. BOLTE, III

I, John H. Bolte, III, certify that:

1.   I am a Senior Vice President of National Machinery LLC, defendant in the above matter and have held that position since February 2002.

2.   Since February 2002, P.O. Box 747, Tiffin, Ohio 44883, has been owned and controlled by National Machinery LLC. Since February 2002, the aforesaid post office box address has not been the post office box address nor has it been a place of business for The National Machinery Company.

3.   Since February 2002, 161 Greenfield Street, Tiffin, Ohio has been owned and controlled by National Machinery LLC. Since February 2002, 161 Greenfield Street, Tiffin, Ohio has not been the street address nor has it been a place of business for The National Machinery Company.

4.   On information and belief, the correct mailing address for The National Machinery Company is P.O. Box 648, Tiffin, Ohio 44883.

5.   Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed on:   July 6, 2005

_____
John H. Bolte

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

............ MIDDLESEX ............ , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3022L2

.......... Salvatore Vacirca ...... , Plaintiff(s)

v.

National Machinery Co. and
National Machinery , LLC , Defendant(s)



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 15 2005
Clore of Sulliva
CLERK

## SUMMONS

To the above-named Defendant:  National Machinery Co.

You are hereby summoned and required to serve upon ..Richard J. Sullivan of Sullivan &
.... Sullivan, LLP .............. plaintiff's attorney, whose address is ..31 Washington St., Welles

MAssachusetts 02481 .................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court,at ...Cambridge...........

.................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
**Suzanne V. Del vecchio**
Witness, ................ Esquire, at ..Cambridge..........................................................

the ...First........................................... day of .June.......................................................

....................., in the year of our Lord ..2005.............................. .

Edward J Sullivan
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. # MICV2004-03022

SALVATORE VACIRCA, )
    Plaintiff )
     )
v. )
     )
NATIONAL MACHINERY COMPANY, )
and NATIONAL MACHINERY, LLC, )
    Defendants )



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 13 2005

CLERK

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO
MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.    Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery Company service of process by mailing a copy of the following by United States Express Mail, Return Receipt Requested:

    Copy of Plaintiff's Amended Complaint
    Copy of Plaintiff's Summons
    Plaintiff's First Request for the Production of Documents
    Plaintiff's First Set of Interrogatories

2.    As proof of service I attach the signed return receipts,
        # EU 955161775 US, date of delivery June 6, 2005
        # EU 955161789 US, date of delivery June 6, 2005

Signed under the pains and penalties of perjury this 13th day of June 2005

Richard J. Sullivan



**SECTION**

... and 3. Also complete
...d Delivery is desired.
...e and address on the reverse
... can return the card to you.
...is card to the back of the mailpiece,
... the front if space permits.

Article Addressed to: Corprest Headquarters

National Machinery Co

PO Box 747

Tiffin, OH

44883

2. Article Number
(Transfer from service label)    ED 955 161 775 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Salvatore Vacirca | National MAchinery Company, AND Doe Company |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Richard Sullivan, Sullivan & Sullivan 31 Washington Street, Wellesley, MA Board of Bar Overseers number: 554085 | |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | ( A ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ...................................................... $.............
2. Total Doctor expenses ........................................................ $.............
3. Total chiropractic expenses ................................................. $.............
4. Total physical therapy expenses ............................................ $.............
5. Total other expenses (describe) .Medical .Expenses at reduced w/c rates ....$..96,500....

Subtotal $.............

B. Documented lost wages and compensation to date .............................. $.162,000...
C. Documented property damages to date ........................................ $.............
D. Reasonably anticipated future medical and hospital expenses ................. $.............
E. Reasonably anticipated lost wages .......................................... $.............
F. Other documented items of damages (describe)

$.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff suffered a permanent amputation of his dominant right hand.

$.............

**TOTAL $.258,500....**

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $. ............**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 7/50/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

*[stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR... JUL 30 2004 ...CLERK]*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                            SUPERIOR COURT
                                                         C.A. # MICV2004-03022

SALVATORE VACIRCA,                    )
     Plaintiff                        )
                                      )         FILED
                                      )    IN THE OFFICE OF THE
v.                                    )    CLERK OF THE COURTS
                                      )    FOR THE COUNTY OF MIDDLESEX
NATIONAL MACHINERY COMPANY,           )       MAY 16 2005
and NATIONAL MACHINERY, LLC,          )
     Defendants                       )

AMENDED COMPLAINT WITH JURY CLAIM

NOW COMES the plaintiff and amends this complaint as a matter of course pursuant to
Massachusetts Rule of Civil Procedure 15(a).

1.     The plaintiff, Salvatore Vacirca ("Vacirca") is an individual who resides at 48
       Peterson Way, Tewksbury, Middlesex County, Massachusetts.

2.     The defendant, National Machinery Company ("National Machinery Co."), upon
       information and belief, is a foreign corporation with a principal place of business
       located at PO Box 648, Tiffin, Ohio 44883-2471. National Machinery Co. is
       subject to this Court's jurisdiction, both under the common law and the provisions
       of Massachusetts General Laws Chapter 223A.

3.     The defendant, National Machinery, LLC ("National Machinery, LLC"), upon
       information and belief, is a foreign corporation with a principal place of business
       located at 161 Greenfield Street, Tiffin, Ohio 44883-2471. National Machinery,
       LLC is subject to this Court's jurisdiction, both under the common law and the
       provisions of Massachusetts General Laws Chapter 223A.

4.     On or about August 2, 2001, the defendant, National Machinery Co., had
       contracted with Thermo Electron Corporation to design, manufacture, distribute,
       supply, sell, service, examine, evaluate, inspect and/or test a National Machinery
       700 Ton Maxipres Forge Press, Serial Number 18225 (hereinafter the
       "machine"). On or about August 2, 2001, the defendant, National Machinery Co.,
       had distributed, supplied, sold, service, examined, evaluated, inspected and/or
       tested the subject machine in Massachusetts.

5.     On or about August 2, 2001, the defendant, National Machinery, LLC, had
       contracted with Thermo Electron Corporation to design, manufacture, distribute,
       supply, sell, service, examine, evaluate, inspect and/or test the machine. On or
       about August 2, 2001, the defendant, National Machinery, LLC, had distributed,
       supplied, sold, service, examined, evaluated, inspected and/or tested the subject
       machine in Massachusetts.



6.   On or about August 2, 2001, the plaintiff, Vacirca, while working for his employer, Thermo Electron Corporation, was operating the subject machine with all due care when the subject machine injured the plaintiff.

7.   The plaintiff's claims against the defendant National Machinery Co., arise from the defendant's:
     a.  transacting business in the Commonwealth of Massachusetts;
     b.  contracting to supply services or things in the Commonwealth of Massachusetts;
     c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
     d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

8.   The plaintiff's claims against the defendant National Machinery, LLC, arise from the defendant's:
     a.  transacting business in the Commonwealth of Massachusetts;
     b.  contracting to supply services or things in the Commonwealth of Massachusetts;
     c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
     d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

## COUNT I

9.   The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10.  This count is for negligence and is brought by the plaintiff against the defendant, National Machinery Co.

11.  The defendant, National Machinery Co., was negligent with respect to the design, manufacture, distribution, supply, selling, servicing, examination, evaluation, inspection and/or testing of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

12.  As the direct and proximate result of the defendant National Machinery's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical

care and treatment, incurred medical expenses, lost time from work; and his
ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the
defendant, National Machinery Company, in an amount sufficient to compensate him for
his losses and damages, together with interest and costs.

## COUNT II

13.   The plaintiff realleges and repeats each and every allegation contained in
      paragraphs 1 through 12 and incorporates each as if fully set forth herein.

14.   This Count is for Breach of Implied Warranty and is brought by the plaintiff
      against the defendant, National Machinery Co.

15.   The defendant, National Machinery Co., impliedly warranted to the plaintiff that
      the subject product and its component parts were merchantable, safe and fit for
      ordinary purposes. The defendant, National Machinery Co., is a merchant with
      respect to goods of the kind involved in the accident. The product, component
      parts of the product and the product warnings and instructions were defective,
      and therefore the product was not, in fact, merchantable, safe and fit as
      warranted by the defendant, National Machinery Co. The defendant therefore
      breached these warranties to the plaintiff.

16.   As the direct and proximate result of the defendant, National Machinery Co.'s
      said breaches of warranties, the plaintiff sustained severe and permanent
      physical injury, suffered great pain of body and anguish of mind, required
      extensive hospital and medical care and treatment, incurred medical expenses,
      lost time from work; and his ability to engage in normal and usual activities has
      been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the
defendant, National Machinery Company, in an amount sufficient to compensate him for
his losses and damages, together with interest and costs.

## COUNT III

17.   The plaintiff realleges and repeats each and every allegation contained in
      paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18.   This count is for negligence and is brought by the plaintiff against the defendant,
      National Machinery, LLC.

19.   The defendant, National Machinery, LLC, was negligent with respect to the
      design, manufacture, distribution, supply, selling, servicing, examination,
      evaluation, inspection and/or testing of the subject machine and was negligent
      with respect to equipping the subject machine with adequate safeguards,
      warnings and/or instructions.

20. As the direct and proximate result of the defendant National Machinery, LLC's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

COUNT II

21. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22. This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery Co.

23. The defendant, National Machinery, LLC, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, National Machinery, LLC, is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery, LLC. The defendant therefore breached these warranties to the plaintiff.

24. As the direct and proximate result of the defendant, National Machinery, LLC's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

# THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO # 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

**TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT— MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............ MIDDLESEX ............ , ss
[seal]

04-3022 L 2

Salvatore Vacirca , Plaintiff(s)

v.
National MAchinery Co., and
National Machinery, LLC , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 13 2005

CLERK

## SUMMONS

To the above-named Defendant: National MAchinery, LLC

You are hereby summoned and required to serve upon ...Richard J. Sullivan of

..Sullivan & Sullivan...... plaintiff's attorney, whose address is ...31..Washington..Street

.Wellesley,..MA..02481..........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..Cambridge..........

................................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .Cambridge......................................................

the ...First.......................... day of ......June.....................................

.................., in the year of our Lord .....2005..........................

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

'ORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. # MICV2004-03022

SALVATORE VACIRCA,　　　　　)
　　Plaintiff　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
NATIONAL MACHINERY COMPANY, )
and NATIONAL MACHINERY, LLC, )
　　Defendants　　　　　　　　　　)

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO
### MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.　　Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery, LLC, service of process by mailing a copy of the following by United States Express Mail, Return Receipt Requested:

　　　　Copy of Plaintiff's Amended Complaint
　　　　Copy of Plaintiff's Summons
　　　　Plaintiff's First Request for the Production of Documents
　　　　Plaintiff's First Set of Interrogatories

2.　　As proof of service I attach the signed return receipts,
　　　　　　# EU 955161758 US, date of delivery June 6, 2005
　　　　　　# EU 955161761 US, date of delivery June 6, 2005

Signed under the pains and penalties of perjury this 13th day of June 2005

Richard J. Sullivan



# CLARK, HUNT & EMBRY
ATTORNEYS AT LAW

BRUCE J. EMBRY
WILLIAM J. HUNT
WILLIAM F. AHERN, JR.
HENRY W. CLARK
JAMES T. BUCHANAN
DAVID GRAY HANSON

MICHAEL B. NEWMAN
DIANE SWIERCZYNSKI
JOSHUA D. KRELL
DAVID J. BURBRIDGE
CHRISTOPHER A. MYER
ANDREA M. YOUNG
MANDI JO HANNEKE
STACEY A. WARD
ARMANDO J. ACOSTA
SARAH M. ALLEN
DOUGLAS A. LEVINE

July 13, 2005

Civil Clerk's Office
Middlesex Superior Court
40 Thorndike St.
Cambridge, MA 02141

> Re:    **Salvatore Vacirca v. National Machinery Company and National Machinery, LLC**
> Middlesex Superior Court Civil Action No. 04-03022

Dear Sir/Madam:

Enclosed please find the following with respect to the above-captioned matter:

1.    Notice of Removal of Action.

This Notice has been certified by the United States District Court for the District of Massachusetts and the new docket number is 05-11419-MLW.

Thank you.

Very truly yours,

Michael B. Newman

MBN/jh
Enclosure

cc:    Richard J. Sullivan, Esq.
Sullivan & Sullivan, LLP
31 Washington St.
Wellesley, MA 02481



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 15 2005

CLERK

| CIVIL ACTION COVER SHEET | Case 1:05-cv-11040-UGD    Document 3-2    04-30 | Filed 07/27/2005 Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Salvatore Vacirca | National MAchinery Company, AND Doe Company |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Richard Sullivan, Sullivan & Sullivan 31 Washington Street, Wellesley, MA Board of Bar Overseers number: 554085 | |

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | ( A ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses ......................................................$..........
    2.  Total Doctor expenses ......................................................$..........
    3.  Total chiropractic expenses ................................................$..........
    4.  Total physical therapy expenses ...........................................$..........
    5.  Total other expenses (describe) .Medical .Expenses .at .reduced. w/c. rates ....$..96,500....
                                                                 Subtotal $..........
B.  Documented lost wages and compensation to date ...........................$.162,000....
C.  Documented property damages to date ......................................$..........
D.  Reasonably anticipated future medical and hospital expenses ...............$..........
E.  Reasonably anticipated lost wages .........................................$..........
F.  Other documented items of damages (describe)

                                                           $..........

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Plaintiff suffered a permanent amputation of his dominant right hand.

                                       $..........
                                  **TOTAL $.258,500....**

*(stamp)* CLERK OF THE COURTS IN THE OFFICE OF FOR THE JUL 30 2004 Edward J. Sullivan CLERK

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                       **TOTAL $. ...........**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 7/30/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT

C.A. # 04-3022

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
ESSEX

JUL 30 2004

*Edward J. Sullivan*

CLERK

SALVATORE VACIRCA, )
    Plaintiff )
     )
     )
v. )
     )
     )
NATIONAL MACHINERY COMPANY, )
And DOE COMPANY, )
    Defendants )

**COMPLAINT WITH JURY CLAIM**

```
07/30/04  15:19#0000 9923 CLERK  A
          CIVIL        240.00
          SURCHARGE     15.00
          SECC          20.00
          SUMMONS        10.00
          043022 #
          SUBTTL        285.00
          TOTAL  285.00
          CHECK
                        285.00
```

1.    The plaintiff, Salvatore Vacirca ("Vacirca") is an individual who resides at 4 Peterson Way, Tewksbury, Middlesex County, Massachusetts.

2.    The defendant, National Machinery Company ("National Machinery"), upon information and belief, is a foreign corporation with a principal place of business located at 161 Greenfield Street, Tiffin, Ohio 44883-2471. National Machinery is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

3.    Defendant, Doe Company, upon information and belief, is an entity whose identity may be ascertained in the course of discovery, and whose negligent actions caused personal injury to the plaintiff. Doe Company is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

4.    On or about August 2, 2001, the defendant, National Machinery, was the designer, manufacturer, tester, supplier, seller, and/or distributor of a National Machinery 700 Ton Maxipres Forge Press, Serial Number 18225 (hereinafter the "machine"). On or about August 2, 2001, the defendant, National Machinery, had distributed, supplied and/or sold the subject machine in Massachusetts.

5.    On or about August 2, 2001, the defendant, Doe Company, was the tester, supplier, seller, and/or distributor of the subject machine. On or about August 2, 2001, the defendant, Doe Company, had distributed, supplied and/or sold the subject machine in Massachusetts.

6.    On or about August 2, 2001, the plaintiff, Vacirca, while working for his employer, Thermo Electron Corporation, was operating the subject machine with all due care when the subject machine injured the plaintiff.

7.    The plaintiff's claims against the defendant National Machinery arise from the defendant's:

  a. transacting business in the Commonwealth of Massachusetts;

  b. contracting to supply services or things in the Commonwealth of Massachusetts;

  c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

  d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

8. The plaintiff's claims against the defendant Doe Company arise from the defendant's:

  a. transacting business in the Commonwealth of Massachusetts;

  b. contracting to supply services or things in the Commonwealth of Massachusetts;

  c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

  d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

## COUNT I

9. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10. This count is for negligence and is brought by the plaintiff against the defendant, National Machinery.

11. The defendant, National Machinery, was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

12. As the direct and proximate result of the defendant National Machinery's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II

13.  The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 12 and incorporates each as if fully set forth herein.

14.  This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery.

15.  The defendant, National Machinery, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes.  The defendant, National Machinery, is a merchant with respect to goods of the kind involved in the accident.  The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery. The defendant therefore breached these warranties to the plaintiff.

16.  As the direct and proximate result of the defendant, National Machinery's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT III

17.  The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18.  This count is for negligence and is brought by the plaintiff against the defendant, Doe Company.

19.  The defendant, Doe Company, was negligent with respect to the testing, inspecting, distributing and selling of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

20.  As the direct and proximate result of the defendant Doe Company's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, Doe Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT IV

21.    The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22.    This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, Doe Company.

23.    The defendant, Doe Company, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, Doe Company, is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant. The defendant therefore breached these warranties to the plaintiff.

24.    As the direct and proximate result of the defendant, Doe Company's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, Doe Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO # 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                           C.A. # MICV2004-03022

SALVATORE VACIRCA,                    )
    Plaintiff                          )

v.                                    )

NATIONAL MACHINERY COMPANY,           )
and NATIONAL MACHINERY, LLC,          )
    Defendants                         )

AMENDED COMPLAINT WITH JURY CLAIM

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 16 2005

CLERK

NOW COMES the plaintiff and amends this complaint as a matter of course pursuant to Massachusetts Rule of Civil Procedure 15(a).

1.   The plaintiff, Salvatore Vacirca ("Vacirca") is an individual who resides at 48 Peterson Way, Tewksbury, Middlesex County, Massachusetts.

2.   The defendant, National Machinery Company ("National Machinery Co."), upon information and belief, is a foreign corporation with a principal place of business located at PO Box 648, Tiffin, Ohio 44883-2471. National Machinery Co. is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

3.   The defendant, National Machinery, LLC ("National Machinery, LLC"), upon information and belief, is a foreign corporation with a principal place of business located at 161 Greenfield Street, Tiffin, Ohio 44883-2471. National Machinery, LLC is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

4.   On or about August 2, 2001, the defendant, National Machinery Co., had contracted with Thermo Electron Corporation to design, manufacture, distribute, supply, sell, service, examine, evaluate, inspect and/or test a National Machinery 700 Ton Maxipres Forge Press, Serial Number 18225 (hereinafter the "machine"). On or about August 2, 2001, the defendant, National Machinery Co., had distributed, supplied, sold, service, examined, evaluated, inspected and/or tested the subject machine in Massachusetts.

5.   On or about August 2, 2001, the defendant, National Machinery, LLC, had contracted with Thermo Electron Corporation to design, manufacture, distribute, supply, sell, service, examine, evaluate, inspect and/or test the machine. On or about August 2, 2001, the defendant, National Machinery, LLC, had distributed, supplied, sold, service, examined, evaluated, inspected and/or tested the subject machine in Massachusetts.

6.    On or about August 2, 2001, the plaintiff, Vacirca, while working for his employer, Thermo Electron Corporation, was operating the subject machine with all due care when the subject machine injured the plaintiff.

7.    The plaintiff's claims against the defendant National Machinery Co., arise from the defendant's:
       a.  transacting business in the Commonwealth of Massachusetts;
       b.  contracting to supply services or things in the Commonwealth of Massachusetts;
       c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
       d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

8.    The plaintiff's claims against the defendant National Machinery, LLC, arise from the defendant's:
       a.  transacting business in the Commonwealth of Massachusetts;
       b.  contracting to supply services or things in the Commonwealth of Massachusetts;
       c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
       d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

## COUNT I

9.    The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10.   This count is for negligence and is brought by the plaintiff against the defendant, National Machinery Co.

11.   The defendant, National Machinery Co., was negligent with respect to the design, manufacture, distribution, supply, selling, servicing, examination, evaluation, inspection and/or testing of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

12.   As the direct and proximate result of the defendant National Machinery's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical

care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II

13.   The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 12 and incorporates each as if fully set forth herein.

14.   This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery Co.

15.   The defendant, National Machinery Co., impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, National Machinery Co., is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery Co. The defendant therefore breached these warranties to the plaintiff.

16.   As the direct and proximate result of the defendant, National Machinery Co.'s said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT III

17.   The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18.   This count is for negligence and is brought by the plaintiff against the defendant, National Machinery, LLC.

19.   The defendant, National Machinery, LLC, was negligent with respect to the design, manufacture, distribution, supply, selling, servicing, examination, evaluation, inspection and/or testing of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

20.    As the direct and proximate result of the defendant National Machinery, LLC's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II

21.    The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22.    This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery Co.

23.    The defendant, National Machinery, LLC, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes.  The defendant, National Machinery, LLC, is a merchant with respect to goods of the kind involved in the accident.  The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery, LLC. The defendant therefore breached these warranties to the plaintiff.

24.    As the direct and proximate result of the defendant, National Machinery, LLC's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO # 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

MAS-20041213
holllave

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/20/2005
09:28 AM

## MICV2004-03022
## Vacirca v National Machinery Company et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 07/30/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 07/19/2005 | **Session** | L2 - Cv time-stan 2 (3rd fl-Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 10/28/2004 | **Answer** | 12/27/2004 | **Rule12/19/20** | 12/27/2004 |
| **Rule 15** | 10/23/2005 | **Discovery** | 09/18/2006 | **Rule 56** | 11/17/2006 |
| **Final PTC** | 03/17/2007 | **Disposition** | 07/30/2007 | **Jury Trial** | Yes |

**Plaintiff**
Salvatore Vacirca
48 Peterson Way
Active 07/30/2004

**Private Counsel 554085**
Richard J Sullivan
Sullivan & Sullivan
31 Washington Street
Wellesley, MA 02481
Phone: 781-263-9400
Fax: 781-239-1360
Active 07/30/2004 Notify

**Private Counsel 366070**
Thomas Mysliwicz
85D Copeland Drive, Suite D
Mansfield, MA 02048
Phone: 508-337-2073
Fax: 508-337-2076
Active 03/14/2005 Notify

**Defendant**
National Machinery Company
161 Greenfield Street
Tiffin, OH 44883-2471
Served: 10/28/2004
Active 06/21/2005 Notify

**Defendant**
National Machinery, LLC
Served: 06/06/2005
Served (answr pending) 06/06/2005



MAS-20041213
holllave

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/20/2005
09:28 AM

## MICV2004-03022
## Vacirca v National Machinery Company et al

**Defendant**
Doe Company
Inactive 04/22/2005

| Date | Paper | Text |
|------|-------|------|
| 07/30/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/30/2004 | | Origin 1, Type B05, Track A. |
| 10/28/2004 | 2.0 | Affidavit of compliance with long-arm statute with proof of service |
| | | on out of state defendant National Machinery Company |
| 10/28/2004 | 3.0 | Plaintiff's Emergency Motion to Extend Time for Service of Process |
| | | for 60 days as to "Doe" Company |
| 11/03/2004 | | MOTION (P#3) ALLOWED. (Kenneth J. Fishman, Justice). Notices mailed |
| | | November 03, 2004. |
| 04/13/2005 | 4.0 | Plaintiff, Salvatore Vacirca's MOTION to Strike the Appearance of |
| | | Attorney Thomas Mysliwicz, Rule 9A Affidavit of Compliance; WITH |
| | | OPPOSITION by Attorney Thomas Mysliwicz |
| 04/22/2005 | 5.0 | Plaintiff's MOTION for Leave to Serve his Amended Complaint. |
| 05/16/2005 | | MOTION (P#5) ALLOWED Dated: May 11, 2005 (Kenneth J. Fishman, |
| | | Justice) Notices mailed May 16, 2005 |
| 05/16/2005 | 5.1 | Plff's Amended complaint replacing National Machinery, LLC for the |
| | | deft Doe Company, making them (Inactive) Found in file docketed on |
| | | 6/21/05 |
| 06/13/2005 | 6.0 | SERVICE RETURNED (summons): National Machinery Company, service made |
| | | on June 06, 2005 (certified mail), receipt attached, P. O. Box 747, |
| | | Tiffin, OH 44883. Affidavit attached |
| 06/13/2005 | 6.1 | SERVICE RETURNED: National Machinery, LLC(Defendant) 6/6/05 by cert |
| | | mail, receipt attached, 161 Greenfield Street, Tiffin, OH 44883 |
| 06/13/2005 | 6.2 | Plaintiff's MOTION to Strike the Appearance of Attorney Thomas |
| | | Mysliwicz, Said Attorney's Opposition. |
| 06/16/2005 | 7.0 | ORDER OF DISMISSAL re:  Doe Company (w/o prejudice; service not |
| | | complete by 1-88 deadline). Copies mailed. |
| 06/16/2005 | | Case status changed to 'Needs review for answers' at service deadline |
| | | review |
| 06/21/2005 | | Case status changed to 'Needs status review' at answer deadline review |
| 06/22/2005 | | MOTION (P#8) ALLOWED, After hearing, and upon review, Motion is |
| | | Allowed. (Kenneth J. Fishman, Justice) Dated 6/14/05 entered on the |
| | | docket and notices mailed June 22, 2005. |
| 07/19/2005 | 8.0 | Case REMOVED this date to US District Court of Massachusetts by |
| | | Defendant, National Machinery LLC. |
| 07/19/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT. |

MAS-20041213

holllave

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**MICV2004-03022**
**Vacirca v National Machinery Company et al**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. # MICV2004-03022

SALVATORE VACIRCA,           )
        Plaintiff             )
                             )        3
                             )
                             )
NATIONAL MACHINERY COMPANY,   )
And DOE COMPANY,              )
        Defendants           )

OCT 2 8 2004

CLERK

### PLAINTIFF'S EMERGENCY MOTION
### TO EXTEND TIME FOR SERVICE OF PROCESS

NOW COMES the plaintiff in the above-entitled action and moves this Honorable
Court extend time for service on the defendant, Doe Company and allow the plaintiff sixty
(60) days within which to serve said defendant.

As grounds for his Motion the plaintiff states:

1. The Time Standards Order in this case sets October 28, 2004 as the last day for service
   of process.

2. The defendant National Machinery Company is the manufacturer of the subject machine
   that injured the plaintiff.    National Machinery Company was served a copy of the
   plaintiff's Summons and Complaint, Tracking Order, First Set of Interrogatories and First
   Request for the Production of Documents on or about October 21, 2004. A copy of said
   Return of Service is attached hereto.

3. The defendant Doe Company was the distributor of the subject product that injured the
   plaintiff. The plaintiff has made diligent efforts to identify the defendant Doe Company.
   However, the plaintiff does not presently have knowledge of the identity of the defendant
   distributor Doe Company.

4. The plaintiff asserts that he has a meritorious cause of action against the defendant,
   Doe Company, but requires time to conduct discovery against the defendant
   manufacturer, National Machinery Company, in order to ascertain the identity of the
   distributor, Doe Company.

WHEREFORE, plaintiff respectfully moves this Honorable Court enter an order affording
him an additional sixty (60) days to serve his Complaint on the defendant, Doe Company.

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO No. 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3022

............ MIDDLESEX ............ , ss
[seal]

Salvatore Vacirca ...... , Plaintiff(s)

v.

National Machinery Co. and
...Doe..Company............... , Defendant(s)

## SUMMONS

To the above-named Defendant:  National Machinery Co.

You are hereby summoned and required to serve upon .Richard..Sullivan..of..Sullivan..& Sullivan, LLP.................... plaintiff's attorney, whose address is .31 Washington St., Wellesley, MA 02481..................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lowell, .MA.............
.................................................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ..Cambridge............................................................
the First.............................................. day of ..September ...........................................
....................., in the year of our Lord ..2004............................... .

Edward J Sullivan
**Clerk**

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                  SUPERIOR COURT
                                               C.A. # MICV2004-03022

SALVATORE VACIRCA,                    )
    Plaintiff                         )
                                      )
v.                                    )
                                      )
NATIONAL MACHINERY COMPANY,           )
And DOE COMPANY,                      )
    Defendants                        )

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.    Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery Company service of process by mailing a copy of the following by United States Express Mail, Return Receipt Requested:

    Copy of Plaintiff's Complaint
    Copy of Plaintiff's Summons

2.    As proof of service I attach the signed return receipt, # EU 803338837 US, date of delivery October 21, 2004.

Signed under the pains and penalties of perjury this 27th day of October 2004

Richard J. Sullivan

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

President
National Machinery Co.
Corporate Headquarters
161 Greenfield Street
Tiffin, OH 44883-2471

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

OCT 2 1 2004

USPS

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )    ☐ Yes

2. Article Number
   ( *Transfer from service label* )    EU 803338837 US    7 US

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

Re: Vacirca

4

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 C.A. # MICV2004-03022

SALVATORE VACIRCA,                    )
        Plaintiff                     )
                                      )
v.                                    )
                                      )
NATIONAL MACHINERY COMPANY,           )
And DOE COMPANY,                      )
        Defendants                    )

### PLAINTIFF'S MOTION TO STRIKE THE APPEARANCE
### OF ATTORNEY THOMAS MYSLIWICZ

NOW COMES the plaintiff, by and through his attorneys, and moves this Honorable Court strike the appearance of Thomas Mysliwicz as attorney of record for the plaintiff. As grounds for said Motion, plaintiff asserts the following:

1.   On or about August 2, 2001, the plaintiff, Salvatore Vacirca, was injured while working within the scope of his employment for Thermo Electron Corporation.

2.   Mr. Vacirca was injured while using a National Machinery 700 Ton Maxipres Forge Press that was negligently maintained and/or inspected by the defendant National Machinery Company.

3.   St. Paul/Travelers Insurance was the workers compensation insurer for Thermo Electron Corporation.

4.   As a result of his accident, St. Paul/Travelers Insurance paid workers compensation benefits to and on behalf of Mr. Vacirca.

5.   Massachusetts General Laws ch. 152, §15, states, "either the employee or insurer may proceed to enforce the liability of such [third parties]". For seven months after his accident, the employee has the exclusive right to bring suit. Thereafter, "if an employee does not bring suit within seven months of the date of the injury, either the insurer or the employee, but not both, may file suit." Pinto v. Aberthaw, 418 Mass. 494, 498 (1994).

6.   "When the insurer files suit, it controls the ensuing litigation." Pinto v. Aberthaw, 418 Mass. 494, 498 (1994); and see Gagnon v. Shoblom, 409 Mass. 63 (1991).

7.   On or about July 30, 2004, St. Paul/Travelers Insurance commenced a third party liability action in the name of Mr. Vacirca against the above-named defendants pursuant to Massachusetts General Laws ch. 152, §15.

8.   As a result of its filing of this lawsuit, St. Paul/Travelers Insurance controls the instant litigation and has retained the law firm of Sullivan & Sullivan, LLP to prosecute this matter.

9.   On or about March 4, 2005, Attorney Thomas Mysliwicz filed a Notice of Appearance on behalf of the plaintiff.

10.  While Mr. Vacirca may retain Attorney Mysliwicz to represent him personally and to offer independent legal advice, St. Paul/Travelers Insurance "plainly had the right to reject, as contrary to the language of G. L. c. 152, § 15, any request by [Attorney Mysliwicz] to take control of the litigation or to act as co-counsel." Pinto v. Aberthaw, 418 Mass. 494, 499, n.5 (1994).

11.  By failing to act within seven months of his injury, Mr. Vacirca, and therefore his attorney, has no right to appear in this action. The right of action being in the exclusive control of the insuror (due to the injured worker's failure to file within the seven months following his injury), the injured worker has no standing in this matter.  Conversely, had the injured worker exercised his rights in a timely fashion, the insuror would have no right to appear in this case.

12.  Although he cannot appear in the action, the plaintiff's rights are protected, because a settlement cannot be reached without the injured worker's consent.  Specifically, Massachusetts General Laws ch. 152, § 15, states "no settlement by agreement shall be made with such other person without the approval of either the board, the reviewing board, or the court in which the action has been commenced after a hearing in which both the employee and the insurer have had an opportunity to be heard."

WHEREFORE, for the foregoing reasons this Court should strike the appearance of Thomas Mysliwicz as attorney of record for the plaintiff.

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO No. 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

## CERTIFICATION

This is to certify that on this day I served, by first-class mail, postage prepaid, a copy of the foregoing to:

Thomas Mysliwicz, Esq.
Mysliwicz & Dickson
85 Copeland Drive, Suite D
Mansfield, MA 02048

RICHARD J. SULLIVAN

Dated: March 16, 2005

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 C.A. # MICV2004-03022

SALVATORE VACIRCA,                          )
       Plaintiff                            )
                                            )
v.                                          )
                                            )
NATIONAL MACHINERY COMPANY,                 )
And DOE COMPANY,                            )
       Defendants                           )

AFFIDAVIT OF RICHARD J. SULLIVAN IN COMPLIANCE WITH RULE 9A

I, Richard J. Sullivan, under oath, depose and state the following:

1.     I am a member in good standing of the bar of the Commonwealth of
       Massachusetts. I am a partner at Sullivan & Sullivan, LLP in Wellesley,
       Massachusetts.

2.     I served papers to all counsel of record in the above captioned matter on March
       16, 2005, pursuant to Superior Court Rule 9A.

3.     On or about April 5, 2004, I received for filing an opposition to my papers from
       Attorney Thomas Mysliwicz.

Signed under the Pains and Penalties of Perjury this 12th day of April 2005

                                        _____
                                        Richard J. Sullivan

## CERTIFICATION

This is to certify that on this day I served, by first-class mail, postage prepaid, a copy of the foregoing to:

Thomas Mysliwicz, Esq.
Mysliwicz & Dickson
85 Copeland Drive, Suite D
Mansfield, MA 02048

RICHARD J. SULLIVAN

Dated: April 12, 2005

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                           SUPERIOR COURT
                                         C.A. # MICV2004-03022

| | |
|---|---|
| SALVATORE VACIRCA, | ) |
|    Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL MACHINERY COMPANY | ) |
| And DOE COMPANY, | ) |
|    Defendants | ) |
| | ) |

## OPPOSITION TO MOTION TO STRIKE THE APPEARANCE
## OF ATTORNEY THOMAS MYSLIWICZ

Now comes the plaintiff, Salvatore Vacirca, and opposes the motion of Attorney Richard J. Sullivan to strike the appearance of Attorney Thomas Mysliwicz. In support of this opposition, the plaintiff states the following:

1. This case results from an accident that Salvatore Vacirca suffered while employed by Tecomet, on August 2, 2001. That accident resulted in the traumatic amputation of Mr. Vacirca's right wrist and hand, and has left him permanently disabled since the accident occurred.
2. Mr. Vacirca has chosen Attorney Thomas Mysliwicz to represent him regarding this matter.
3. The current lawsuit is based upon the negligent maintenance or inspection of the machine which severed Mr. Vacirca's hand, by the defendant National Machinery.
4. Unlike most third party cases, in this case Mr. Vacirca was not aware of the existence of any relationship between his employer, and National Machinery. Thus, he had no knowledge of the basis for any third party claim until after this case was filed. The seven month window provided for his control of the lawsuit by c152 Sec. 15 was of no benefit to him. The Workers Compensation insurer that apparently retained the office of Sullivan & Sullivan, St. Paul/Travelers Insurance, made no effort to advise Mr. Vacirca or his attorney of the facts that formed the basis for this Complaint.
5. Given the severe and permanent injury Mr. Vacirca has suffered, his interest in the pending litigation is far more significant than the relatively trivial loss that St. Paul/Travelers has sustained.
6. Mr. Vacirca's has not sought to strike the appearance of Attorney Sullivan, but only seeks to have his chosen attorney act as co-counsel to be sure that his interests are

fully protected, and aggressively pursued. The ability to approve a final settlement in no way insures that the pending litigation will be aggressively and fully prosecuted by the attorneys chosen by St. Paul/Travelers. Of note, the attorneys for SULLIVAN & SULLIVAN have made no effort to even meet with Mr. Vacirca to date, even though this lawsuit was filed more than eight months ago.

WHEREFORE, the plaintiff, Salvatore Vacirca, respectfully requests that the Motion to Strike the Appearance of Attorney Mysliwicz be denied.

                                        Respectfully submitted,
                                        Salvatore Vacirca
                                        By His Attorney:

                                        Thomas Mysliwicz
                                        Mysliwicz & Dickson
                                        85D Copeland Drive
                                        Mansfield, MA 02048
                                        (508) 337-2073
                                        BBO# 366070

Date: April 8, 2005

## SULLIVAN & SULLIVAN, LLP

Attorneys at Law
31 Washington Street
Wellesley, Massachusetts 02481

Richard J. Sullivan
Mark D. Sullivan
Eugene F. Sullivan, Jr.

Telephone (781) 263-9400
Fax (781) 239-1360

Mark J. Alves

April 12, 2005

Middlesex Superior Court
360 Gorham Street
Lowell, MA 01852

Re:  Salvatore Vacirca v. National Machinery, et al
     Middlesex Superior Court C.A. No. MICV2004-03022

Dear Sir or Madam:

Enclosed for docketing and filing please find the following.

1.  Plaintiff's Motion to Strike the Appearance of Attorney Thomas Mysliwicz.
2.  Affidavit in Compliance with Superior Court Rule 9A
3.  Opposition of Attorney Thomas Mysliwicz

Thank you for your attention to this matter.

Very truly yours,

Richard J. Sullivan

5/11

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT
                                                       C.A. # MICV2004-03022-L2

SALVATORE VACIRCA,                        )
       Plaintiff                          )
                                          )
v.                                        )
                                          )                              L 2
NATIONAL MACHINERY COMPANY,               )
and NATIONAL MACHINERY, LLC,              )
       Defendants                         )

PLAINTIFF'S MOTION FOR LEAVE TO SERVE
HIS AMENDED COMPLAINT

NOW COMES the plaintiff in the above-entitled action and moves this Honorable
Court grant the plaintiff sixty (60) days within which to serve his Amended Complaint on the
defendants.

As grounds for his Motion the plaintiff states:

1. The plaintiff filed this matter on or before July 30, 2004 against the defendants National
   Machinery Company and Doe Company, a business entity whose identity was unknown
   at the time of filing.

2. Since that time, the identity of Doe Company has been identified as National Machinery,
   LLC, a foreign corporation located in Tiffin, Ohio.

3. The plaintiff has filed an Amended Complaint identifying National Machinery, LLC as the
   named defendant and now seeks leave of Court to serve his Amended Complaint on the
   defendant National Machinery, LLC and on the defendant National Machinery Company,
   who has not yet filed an Answer to the plaintiff's Complaint.

WHEREFORE, plaintiff respectfully moves this Honorable Court enter an order affording
him sixty (60) days to serve his Amended Complaint on the defendants.

                                          SALVATORE VACIRCA

                                          By his Attorney,

                                          Richard J. Sullivan
                                          BBO No. 554085
                                          Sullivan & Sullivan, LLP
                                          31 Washington Street
                                          Wellesley, MA 02481
                                          (781) 263-9400

Dated: April 20, 2005

$6 \cdot 2$

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 C.A. # MICV2004-03022

SALVATORE VACIRCA,                          )
    Plaintiff                              )
                                            )
v.                                          )
                                            )
NATIONAL MACHINERY COMPANY,                 )
And DOE COMPANY,                            )
    Defendants                             )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 1 3 2005

Edward J Sullivan
CLERK

### PLAINTIFF'S MOTION TO STRIKE THE APPEARANCE
### OF ATTORNEY THOMAS MYSLIWICZ

NOW COMES the plaintiff, by and through his attorneys, and moves this Honorable Court strike the appearance of Thomas Mysliwicz as attorney of record for the plaintiff. As grounds for said Motion, plaintiff asserts the following:

1.    On or about August 2, 2001, the plaintiff, Salvatore Vacirca, was injured while working within the scope of his employment for Thermo Electron Corporation.

2.    Mr. Vacirca was injured while using a National Machinery 700 Ton Maxipres Forge Press that was negligently maintained and/or inspected by the defendant National Machinery Company.

3.    St. Paul/Travelers Insurance was the workers compensation insurer for Thermo Electron Corporation.

4.    As a result of his accident, St. Paul/Travelers Insurance paid workers compensation benefits to and on behalf of Mr. Vacirca.

5.    Massachusetts General Laws ch. 152, §15, states, "either the employee or insurer may proceed to enforce the liability of such [third parties]". For seven months after his accident, the employee has the exclusive right to bring suit. Thereafter, "if an employee does not bring suit within seven months of the date of the injury, either the insurer or the employee, but not both, may file suit." Pinto v. Aberthaw, 418 Mass. 494, 498 (1994).

6.    "When the insurer files suit, it controls the ensuing litigation." Pinto v. Aberthaw, 418 Mass. 494, 498 (1994); and see Gagnon v. Shoblom, 409 Mass. 63 (1991).

After hearing, and your review, motion is Allowed
Kenneth J.
6/11/05

7.   On or about July 30, 2004, St. Paul/Travelers Insurance commenced a third party liability action in the name of Mr. Vacirca against the above-named defendants pursuant to Massachusetts General Laws ch. 152, §15.

8.   As a result of its filing of this lawsuit, St. Paul/Travelers Insurance controls the instant litigation and has retained the law firm of Sullivan & Sullivan, LLP to prosecute this matter.

9.   On or about March 4, 2005, Attorney Thomas Mysliwicz filed a Notice of Appearance on behalf of the plaintiff.

10.  While Mr. Vacirca may retain Attorney Mysliwicz to represent him personally and to offer independent legal advice, St. Paul/Travelers Insurance "plainly had the right to reject, as contrary to the language of G. L. c. 152, § 15, any request by [Attorney Mysliwicz] to take control of the litigation or to act as co-counsel." Pinto v. Aberthaw, 418 Mass. 494, 499, n.5 (1994).

11.  By failing to act within seven months of his injury, Mr. Vacirca, and therefore his attorney, has no right to appear in this action. The right of action being in the exclusive control of the insuror (due to the injured worker's failure to file within the seven months following his injury), the injured worker has no standing in this matter.  Conversely, had the injured worker exercised his rights in a timely fashion, the insuror would have no right to appear in this case.

12.  Although he cannot appear in the action, the plaintiff's rights are protected, because a settlement cannot be reached without the injured worker's consent. Specifically, Massachusetts General Laws ch. 152, § 15, states "no settlement by agreement shall be made with such other person without the approval of either the board, the reviewing board, or the court in which the action has been commenced after a hearing in which both the employee and the insurer have had an opportunity to be heard."

WHEREFORE, for the foregoing reasons this Court should strike the appearance of Thomas Mysliwicz as attorney of record for the plaintiff.

                                        SALVATORE VACIRCA
                                        By his Attorney,


                                        Richard J. Sullivan
                                        BBO No. 554085
                                        Sullivan & Sullivan, LLP
                                        31 Washington Street
                                        Wellesley, MA 02481
                                        (781) 263-9400

## CERTIFICATION

This is to certify that on this day I served, by first-class mail, postage prepaid, a copy of the foregoing to:

Thomas Mysliwicz, Esq.
Mysliwicz & Dickson
85 Copeland Drive, Suite D
Mansfield, MA 02048

RICHARD J. SULLIVAN

Dated: March 16, 2005

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT
                                        C.A. # MICV2004-03022

| | |
|---|---|
| SALVATORE VACIRCA, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL MACHINERY COMPANY | ) |
| And DOE COMPANY, | ) |
| Defendants | ) |

## OPPOSITION TO MOTION TO STRIKE THE APPEARANCE
## OF ATTORNEY THOMAS MYSLIWICZ

Now comes the plaintiff, Salvatore Vacirca, and opposes the motion of Attorney Richard J. Sullivan to strike the appearance of Attorney Thomas Mysliwicz. In support of this opposition, the plaintiff states the following:

1. This case results from an accident that Salvatore Vacirca suffered while employed by Tecomet, on August 2, 2001. That accident resulted in the traumatic amputation of Mr. Vacirca's right wrist and hand, and has left him permanently disabled since the accident occurred.
2. Mr. Vacirca has chosen Attorney Thomas Mysliwicz to represent him regarding this matter.
3. The current lawsuit is based upon the negligent maintenance or inspection of the machine which severed Mr. Vacirca's hand, by the defendant National Machinery.
4. Unlike most third party cases, in this case Mr. Vacirca was not aware of the existence of any relationship between his employer, and National Machinery. Thus, he had no knowledge of the basis for any third party claim until after this case was filed. The seven month window provided for his control of the lawsuit by c152 Sec. 15 was of no benefit to him. The Workers Compensation insurer that apparently retained the office of Sullivan & Sullivan, St. Paul/Travelers Insurance, made no effort to advise Mr. Vacirca or his attorney of the facts that formed the basis for this Complaint.
5. Given the severe and permanent injury Mr. Vacirca has suffered, his interest in the pending litigation is far more significant than the relatively trivial loss that St. Paul/Travelers has sustained.
6. Mr. Vacirca's has not sought to strike the appearance of Attorney Sullivan, but only seeks to have his chosen attorney act as co-counsel to be sure that his interests are

fully protected, and aggressively pursued. The ability to approve a final settlement in no way insures that the pending litigation will be aggressively and fully prosecuted by the attorneys chosen by St. Paul/Travelers. Of note, the attorneys for SULLIVAN & SULLIVAN have made no effort to even meet with Mr. Vacirca to date, even though this lawsuit was filed more than eight months ago.

WHEREFORE, the plaintiff, Salvatore Vacirca, respectfully requests that the Motion to Strike the Appearance of Attorney Mysliwicz be denied.

> Respectfully submitted,
> Salvatore Vacirca
> By His Attorney:
>
> Thomas Mysliwicz
> Mysliwicz & Dickson
> 85D Copeland Drive
> Mansfield, MA 02048
> (508) 337-2073
> BBO# 366070

Date: April 8, 2005

# SULLIVAN & SULLIVAN, LLP
Attorneys at Law
31 Washington Street
Wellesley, Massachusetts 02481

Richard J. Sullivan
Mark D. Sullivan
Eugene F. Sullivan, Jr.

Telephone (781) 263-9400
Fax (781) 239-1360

Mark J. Alves

June 13, 2005

**Via Fax: 617-494-1768**

Middlesex Superior Court
Civil Clerk's Office
40 Thorndike Street
Cambridge, MA  02141

ATTENTION: Mr. Steve Green

Re:   Salvatore Vacirca v. National Machinery Co., et al
       Middlesex Superior Court C.A. No. MICV2004-03022-L2

Dear Mr. Green:

Pursuant to your request of this afternoon, I am forwarding a copy of the plaintiff's
Motion to Strike the Appearance of Attorney Thomas Mysliwicz and the Opposition of
Attorney Thomas Mysliwicz.

Thank you for your attention to this matter.

Very truly yours,

Mark J. Alves

Cc: Thomas Mysliwicz, Esq.

## SULLIVAN & SULLIVAN, LLP
Attorneys at Law
31 Washington Street
Wellesley, Massachusetts 02481

Richard J. Sullivan
Mark D. Sullivan
Eugene F. Sullivan, Jr.

Telephone (781) 263-9400
Fax (781) 239-1360

Mark J. Alves

April 12, 2005

Middlesex Superior Court
360 Gorham Street
Lowell, MA 01852

Re:    Salvatore Vacirca v. National Machinery, et al
       Middlesex Superior Court C.A. No. MICV2004-03022

Dear Sir or Madam:

Enclosed for docketing and filing please find the following.

1.    Plaintiff's Motion to Strike the Appearance of Attorney Thomas Mysliwicz.
2.    Affidavit in Compliance with Superior Court Rule 9A
3.    Opposition of Attorney Thomas Mysliwicz

Thank you for your attention to this matter.

Very truly yours,

Richard J. Sullivan