UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11419-MLW

_____
                                   )
**SALVATORE VACIRCA,**             )
    **Plaintiff**              )
                                   )
**v.**                             )
                                   )
**NATIONAL MACHINERY COMPANY**     )
**AND NATIONAL MACHINERY, LLC,**   )
    **Defendants**             )
_____)

**DEFENDANT, NATIONAL MACHINERY LLC'S,
STATEMENT PURSUANT TO RULE 16.1**

I.    **Summary of Defendant's Position**

    Plaintiff alleges that on or about August 2, 2001, he was injured while operating a 700 Ton Maxipress Forge Press, Serial Number 18225 (the "Machine") as an employee of Thermo Electron Corporation.  He alleges that National Machinery LLC: (1) was negligent in design, manufacture, distribution, supply, selling, servicing, examination, evaluation, inspection and/or testing of the Machine; (2) was negligent with respect to equipping the Machine with adequate safeguards, warnings and/or instructions; (3) breached implied warranties to the plaintiff that the Machine and its component parts were merchantable, safe and fit for ordinary purpose because the Machine, component parts of the product and the product warnings and instructions were allegedly not merchantable, safe and fit as National Machinery LLC allegedly warranted.

    National Machinery LLC denies the allegations that it designed, manufactured, distributed, supplied, sold, serviced, examined, evaluated, inspected and/or tested the Machine and, therefore, denies the allegations that it was negligent in equipping the Machine with adequate safeguards, warnings and/or instructions.  National

Machinery LLC also denies the allegations that it provided any implied warranties to plaintiff regarding the Machine, its component parts, the product warnings or product instructions.  National Machinery LLC further contends it is not a successor in interest to defendant National Machinery Company and has no liability for any duties alleged to have been breached by National Machinery Company.

II. **Dates for Proposed Discovery Plan**

In line with Local Rule 16.1(D)(1)(b), we propose bifurcating discovery to allow the issue of successor liability to be resolved to allow a realistic assessment of whether National Machinery LLC is properly a defendant in this case and before anyone need incur the expense of discovery on the merits of Plaintiff's underlying suit.  As such, we propose the following discovery schedule:

    A.    Successor Liability Only

        1.    Discovery on the Issue of Successor Liability to be completed by Plaintiff by February 15, 2006.

        2.    National Machinery LLC will file a summary judgment motion by February 28, 2006, with a hearing date sought by March 28, 2006.

    B.    Remainder of Fact Discovery to be completed by July 31, 2006.

    C.    Expert Discovery

        1.    Disclosure by Plaintiff of any expert 31 days thereafter (August 31, 2006).

        2.    Discovery on Plaintiff's expert to be completed by 30 days thereafter (September 29, 2006).

        3.    Disclosure by Defendant of any expert 30 days thereafter (October 31, 2006).

    4.    Discovery on Defendant's expert to be completed by 31 days thereafter (November 30, 2007).

    5.    Disclosure of any rebuttal expert within 21 days thereafter (December 21, 2007).

    6.    Discovery on rebuttal expert to be completed within 21 days (January 11, 2007).

III.   **Proposed Schedule for Filing of Motions**

In addition to the date proposed above by which National Machinery LLC shall file a dispositive motion on successor liability only, we propose the following dates for dispositive motions:

    A.    Deadline for filing motions to amend under Rule 15: August 31, 2006 (31 days after discovery closes).

    B.    Deadline for filing motions to dismiss under Rule 12: September 29, 2006 (30 days thereafter).

    C.    Deadline for filing motions for Summary Judgment under Rule 56: February 12, 2007 (30 days after close of expert discovery).

    D.    Deadline for filing of Pre-Trial motions: No later than fourteen (14) days prior to the date set for Final Pre-Trial Conference.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

*/s/ Michael B. Newman*

_____
Michael B. Newman (632222)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of December, 2005, a true and correct copy of this Defendant, National Machinery LLC's Statement Pursuant to Rule 16.1, was served on all counsel of record in this matter.

*/s/ Michael B. Newman*
_____
Michael B. Newman