**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

---

**SALVATORE VACIRCA,**
        Plaintiff

v.

**NATIONAL MACHINERY COMPANY,**
**and NATIONAL MACHINERY, LLC,**
        Defendants.

**CIVIL ACTION NO. 05-11419-MLW**

---

## MEMORANDUM OF LAW OF DEFENDANT, NATIONAL MACHINERY COMPANY, IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I and II OF PLAINTIFF'S AMENDED COMPLAINT

        Defendant, National Machinery Company ("NMC"), hereby submits this Memorandum of

Law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(2) and (5), for an order dismissing

Counts I and II of Plaintiff's Amended Complaint on the grounds that NMC is not subject to the

jurisdiction of this Court and because process has not been properly served on NMC and because

the Plaintiff's Complaint does not meet the Plaintiff's burden of establishing that this court has

personal jurisdiction over NMC.

### I.      FACTUAL BACKGROUND

        On or about July 30, 2004, the plaintiff, Salvatore Vacirca, filed a lawsuit in Middlesex

Superior Court against National Machinery Company and an unnamed Doe Company (see Exhibit

A). In his original Complaint, Mr. Vacirca alleged that on or about August 2, 2001, while operating

a machine allegedly "distributed, supplied and/or sold" by NMC, he sustained personal injuries. Mr.

Vacirca alleged breach of implied warranty and negligence causes of action against NMC and the unidentified defendant.

On October 28, 2004, plaintiff's counsel filed an Affidavit of Compliance with purported proof of service upon NMC (see Exhibit B). This pleading included a copy of a signed return receipt. The return receipt indicates that the pleadings were delivered on October 21, 2004, and were addressed to the "President, National Machinery Co., Corporate Headquarters, 161 Greenfield Street, Tiffin, OH 44883-2471" (see Exhibit B).

On or about May 16, 2005, the plaintiff, Salvatore Vacirca, filed an Amended Complaint, in Middlesex Superior Court essentially substituting National Machinery, LLC for the unnamed "Doe Company" in the original Complaint (see Exhibit C). On June 13, 2005, plaintiff's counsel filed an Affidavit of Compliance with purported proof of service upon National Machinery, LLC and NMC (see Exhibit D). The return receipt indicates that the pleadings were delivered to NMC on June 6, 2005, and were addressed to the "Corporate Headquarters, National Machinery Co., PO Box 747, Tiffin, OH 44883" (see Exhibit D). In July 2005, National Machinery, LLC removed the matter to this court. Neither the Middlesex Superior Court docket, nor the United States District Court docket, reflect any additional attempts to serve NMC (see Exhibit E).

According to an Affidavit filed by John H. Bolte, III, Senior Vice President, National Machinery, LLC (the original of which was presumably attached as an exhibit to National Machinery, LLC's Notice of Removal, a copy of which is attached hereto as Exhibit F), since February 2002, P.O. Box 747, Tiffin, Ohio, 44883, has been owned and controlled by National Machinery, LLC (Exhibit F, ¶ 2). As of June 2005, Post Office Box 747 was not the business address of NMC and NMC did not conduct business at that location (Exhibit F, ¶ 2). Moreover,

2

since February 2002, the property located at 161 Greenfield Street, Tiffin, Ohio, has been owned and controlled by National Machinery, LLC (Exhibit F, ¶ 3). As of October 2004, 161 Greenfield Street, Tiffin, Ohio was not the street address, nor the principal place of business of, NMC (Exhibit F, ¶ 3).

## II.   ARGUMENT

### A.   THE PLAINTIFF'S CLAIMS AGAINST NMC SHOULD BE DISMISSED BECAUSE NMC HAS NOT BEEN SERVED PROPERLY, AND THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER NMC

### 1.   The Claims Against NMA Fail Because Plaintiff Failed To Properly Serve NMC

Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may make a motion to dismiss claims brought against it due to insufficiency of service of process. The Plaintiff purported to serve NMC prior to the removal of this matter to federal court. This court, "can look into the sufficiency of the service of process issued prior to removal. Obviously, the form and determination of a challenge by the defendant to the adequacy of service is governed by the federal rules, although state law governs the substantive personal jurisdiction question and the sufficiency of the state court process." 14C C. Wright & A. Miller, Fed. Prac. & Proc. Juris. 3d, § 3738. In this case, the Plaintiff's attempts at service on NMC was ineffective because neither attempt was properly addressed or sent to the proper location.

#### a)   Service of process was insufficient under Massachusetts law

Massachusetts Rule of Civil Procedure 4(j), which applies because the plaintiff filed his Complaint in state court, allows a plaintiff ninety (90) days to serve a summons and complaint upon

3

a defendant. Upon the expiration of ninety (90) days, a defendant may move to dismiss the claims against it if service has not been made.

The plaintiff has attempted to serve NMC pursuant to Mass. R. Civ. P. 4(e)(3),[1] which provides for service of process outside the Commonwealth by delivering a copy of the summons and complaint, "by any form of mail addressed to the person to be served and requiring a signed receipt." The first attempt in October 2004 was addressed to "President, National Machinery Company, Corporate Headquarters, 161 Greenfield Street, Tiffin, OH 44883-247." As demonstrated above, however, in October 2004 NMC did not own, control, or conduct business at, this location. The second attempt was made in June 2005 and was addressed to "Corporate Headquarters, National Machinery Co., PO Box 747, Tiffin, OH 44883." As demonstrated above, however, in June 2005, NMC did not own, control, or conduct business at this location.

---

[1] Mass. R. Civ. P. 4(e) states, in its entirety: "When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court."

4

If service is made upon a foreign corporation by mail outside of Massachusetts, such service, in accordance with M.G.L. c. 223A § 8[2] and M.G.L. c. 223 §§ 37[3] and 38[4], "should be made upon the president, treasurer, clerk, cashier, secretary, agent or other office in charge of its business and service by mail addressed to the corporation in its corporate name is insufficient." J. Nolan and B. Henry, Massachusetts Practice Series, Civil Practice, §8.5.

In Kagan v. United Vacuum Appliance Corp., 357 Mass. 680 (1970), service was made by registered mail to "United Vacuum Appliance, Connersville, Indiana." The Massachusetts Supreme Judicial Court held that service was invalid because the applicable statutes require that service be made to one of the individuals designated in M.G.L. c. 223, § 37. See also Backman v. Schiff, 84 F.R.D. 132 (D. Mass. 1979) (where receipt addressed to insurance corporation's subsidiary was returned bearing signature of unidentified individual, service on subsidiary was not made in accordance with statutes authorizing service of process by any form of mail addressed to person to

---

[2] Section 8 of M.G.L. c. 223A provides: "When the law of this commonwealth requires that in order to effect service one or more designated individuals be served, service outside this commonwealth under this chapter shall be made upon the designated individuals."

[3] M.G.L. c. 223, § 37 provides, in pertinent part:

> In an action against a domestic corporation . . . service shall be made upon the president, treasurer, clerk, resident agent appointed pursuant to section 49 of chapter 156D, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation.

[4] M.G.L. c. 223 § 38 states:

> In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the proceeding section relative to service on domestic corporations in general, instead of upon the state secretary under section 15.10 of subdivision A of Part 15 of chapter 156 D.

be served and requiring a signed receipt, and providing that service on corporation must be made upon president, treasurer, clerk, cashier, secretary, agent or other office in charge); Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir. 1991) (noting that SJC in Kagan held that service by registered mail addressed simply to foreign corporation by name, and not to one of the designated individuals, is invalid; purpose in requiring that mailing be addressed to and served upon certain designated individuals is to ensure that material will be brought to attention of person with proper authority immediately); Better Boating Assoc., Inc. v. BMG Chart Prods., Inc., 1998 WL 1181746 (Mass. Super. Ct. July 21, 1998).

In this case, the first attempt at service was merely addressed to the "President" of NMC, rather than to a named individual. This is insufficient under Mass. R. Civ. P. 4(e)(3). The second attempt was addressed to the "Corporate Headquarters" of NMC. This is also insufficient under Mass. R. Civ. P. 4(e)(3).

**b)     Service of process was insufficient under Ohio law.**

Mass. R. Civ. P. 4(e)(2) provides that service may also be made, "in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction." See Chase-Walton Elastomers, Inc. v. Bennett, 2002 WL 31235508 (Mass. Super. Ct. Oct. 1, 2002) (service effected in accordance with Part 6.4 of the English Civil Procedure Rules 1998); Palandjian v. Pahlavi, 586 F. Supp. 671 (D. Mass. 1984) (plaintiff met services requirements of New York's "leave and mail" statute).

Service was attempted in Ohio. Pursuant to Ohio Civ. R. 4.2(F), service may be made upon a corporation, "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of

6

business; or by serving an officer or a managing or general agent of the corporation." For the reasons set forth above, service was effective under Ohio law. There is no evidence in the docket that service was made upon either: (a) an authorized agent of NMA; (b) NMC at its "usual place of business;" or (c) a managing or general agent of NMC.

In summary, NMC was not properly served under either Massachusetts or Ohio law within ninety (90) days after the filing of this action. In fact, nearly 18 months have elapsed since the filing of the original complaint and NMC still has not properly been served in connection with a summons and complaint. Consequently, NMC is entitled to dismissal of the claims against it.

## 2. The Claims Against NMA Fail Because This Court Cannot Exercise Personal Jurisdiction Over NMC.

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of an action against that defendant when the court may not exercise personal jurisdiction over the defendant. When a defendant challenges personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that there is personal jurisdiction over the defendant. Massachusetts School of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 34 (1st Cir. 1998).

NMC appears specially to challenge personal jurisdiction, because it is a foreign corporation that does not conduct any business in Massachusetts. Plaintiff has not identified facts that would support the exercise of jurisdiction of this court over NMC. As a result, the claims against NMC should be dismissed pursuant to Rule 12(b)(2).

7

## III.   CONCLUSION

For the foregoing reasons, since NMC has failed to serve process sufficiently on NMC and

the Court cannot exercise personal jurisdiction over NMC, the Court should dismiss all claims

asserted by plaintiff against NMC pursuant to Fed. R. Civ. P 12(b)(2) and (5).

Respectfully submitted,

**Dated:**   January 13, 2006

Mark E. Cohen          [BBO #089800]
Robert J. Maselek     [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

*Attorneys for Defendant*
*National Machinery Company*

8

## Certificate of Service

I hereby certify that on January 12, 2006, a copy of the foregoing DEFENDANT'S, NATIONAL MACHINERY COMPANY'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I and II OF PLAINTIFF'S AMENDED COMPLAINT has been served upon all counsel of record by regular mail:

William F. Ahern, Jr., Esq.
**Clark, Hunt & Embry**
55 Cambridge Parkway
Cambridge, MA    02142

Richard J. Sullivan, Esq.
**Sullivan & Sullivan, LLP**
31 Washington Street
Wellesley, MA 02481

Daniel E. Morrison
**Sachnoff & Weaver, Ltd.**
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507

DATED this _1²⁵_ day of _JAN._ , 2006.

_____
Mark E. Cohen, Esq.

#80637v1<MEBOS> -vacirca v NMC- Motion to Dismiss Memo

9

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

**SUPERIOR COURT**
C.A. # 04-3022



SALVATORE VACIRCA,
    Plaintiff

v.

NATIONAL MACHINERY COMPANY,
And DOE COMPANY,
    Defendants

**COMPLAINT WITH JURY CLAIM**

```
07/30/04  15:19#0000 9923 CLERK A
          CIVIL        240.00
          SURCHARGE     15.00
          SECC          20.00
          SUMMONS       10.00
          043022 #
          SUBTTL       285.00
          TOTAL    285.00
                     285.00
```

1. The plaintiff, Salvatore Vacirca ("Vacirca") is an individual who resides at 48 Peterson Way, Tewksbury, Middlesex County, Massachusetts.

2. The defendant, National Machinery Company ("National Machinery"), upon information and belief, is a foreign corporation with a principal place of business located at 161 Greenfield Street, Tiffin, Ohio 44883-2471. National Machinery is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

3. Defendant, Doe Company, upon information and belief, is an entity whose identity may be ascertained in the course of discovery, and whose negligent actions caused personal injury to the plaintiff. Doe Company is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws Chapter 223A.

4. On or about August 2, 2001, the defendant, National Machinery, was the designer, manufacturer, tester, supplier, seller, and/or distributor of a National Machinery 700 Ton Maxipres Forge Press, Serial Number 18225 (hereinafter the "machine"). On or about August 2, 2001, the defendant, National Machinery, had distributed, supplied and/or sold the subject machine in Massachusetts.

5. On or about August 2, 2001, the defendant, Doe Company, was the tester, supplier, seller, and/or distributor of the subject machine. On or about August 2, 2001, the defendant, Doe Company, had distributed, supplied and/or sold the subject machine in Massachusetts.

6. On or about August 2, 2001, the plaintiff, Vacirca, while working for his employer, Thermo Electron Corporation, was operating the subject machine with all due care when the subject machine injured the plaintiff.

7. The plaintiff's claims against the defendant National Machinery arise from the defendant's:

**EXHIBIT A**

   a. transacting business in the Commonwealth of Massachusetts;
   b. contracting to supply services or things in the Commonwealth of
      Massachusetts;
   c. causing tortious injury by an act or omission in the Commonwealth of
      Massachusetts; and/or
   d. causing tortious injury in the Commonwealth of Massachusetts by an act or
      omission outside of the Commonwealth of Massachusetts and regularly doing
      and soliciting business and engaging in other persistent courses of conduct,
      and deriving substantial revenue from goods used or consumed or services
      rendered in the Commonwealth of Massachusetts

8.   The plaintiff's claims against the defendant Doe Company arise from the
     defendant's:
   a. transacting business in the Commonwealth of Massachusetts;
   b. contracting to supply services or things in the Commonwealth of
      Massachusetts;
   c. causing tortious injury by an act or omission in the Commonwealth of
      Massachusetts; and/or
   d. causing tortious injury in the Commonwealth of Massachusetts by an act or
      omission outside of the Commonwealth of Massachusetts and regularly doing
      and soliciting business and engaging in other persistent courses of conduct,
      and deriving substantial revenue from goods used or consumed or services
      rendered in the Commonwealth of Massachusetts

## COUNT I

9.   The plaintiff realleges and repeats each and every allegation contained in
     paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10.  This count is for negligence and is brought by the plaintiff against the defendant,
     National Machinery.

11.  The defendant, National Machinery, was negligent with respect to the designing,
     manufacturing, testing, inspecting, distributing and selling of the subject machine
     and was negligent with respect to equipping the subject machine with adequate
     safeguards, warnings and/or instructions.

12.  As the direct and proximate result of the defendant National Machinery's said
     negligence, the plaintiff sustained severe and permanent physical injury, suffered
     great pain of body and anguish of mind, required extensive hospital and medical
     care and treatment, incurred medical expenses, lost time from work; and his
     ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the
defendant, National Machinery Company, in an amount sufficient to compensate him for
his losses and damages, together with interest and costs.

## COUNT II

13.   The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 12 and incorporates each as if fully set forth herein.

14.   This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery.

15.   The defendant, National Machinery, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, National Machinery, is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery. The defendant therefore breached these warranties to the plaintiff.

16.   As the direct and proximate result of the defendant, National Machinery's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT III

17.   The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18.   This count is for negligence and is brought by the plaintiff against the defendant, Doe Company.

19.   The defendant, Doe Company, was negligent with respect to the testing, inspecting, distributing and selling of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

20.   As the direct and proximate result of the defendant Doe Company's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, Doe Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT IV

21. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22. This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, Doe Company.

23. The defendant, Doe Company, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, Doe Company, is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant. The defendant therefore breached these warranties to the plaintiff.

24. As the direct and proximate result of the defendant, Doe Company's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, Doe Company, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO # 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

*ant in this action.*

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                   SUPERIOR COURT
                                                 C.A. # MICV2004-03022

SALVATORE VACIRCA,                )
         Plaintiff                )
                                  )
v.                                )
                                  )
NATIONAL MACHINERY COMPANY,       )
And DOE COMPANY,                  )
         Defendants               )

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO
### MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.  Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery
    Company service of process by mailing a copy of the following by United States
    Express Mail, Return Receipt Requested:

    Copy of Plaintiff's Complaint
    Copy of Plaintiff's Summons

2.  As proof of service I attach the signed return receipt, # EU 803338837 US, date
    of delivery October 21, 2004.

Signed under the pains and penalties of perjury this 27th day of October 2004

                                        Richard J. Sullivan

**EXHIBIT B**



## COMMONWEALTH OF MASSACHUSETTS



MIDDLESEX, ss.

SUPERIOR COURT
C.A. # MICV2004-03022

SALVATORE VACIRCA,
    Plaintiff

v.

NATIONAL MACHINERY COMPANY,
and NATIONAL MACHINERY, LLC,
    Defendants

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 16 2005

CLERK

## AMENDED COMPLAINT WITH JURY CLAIM

NOW COMES the plaintiff and amends this complaint as a matter of course pursuant to
Massachusetts Rule of Civil Procedure 15(a).

1.      The plaintiff, Salvatore Vacirca ("Vacirca") is an individual who resides at 48
Peterson Way, Tewksbury, Middlesex County, Massachusetts.

2.      The defendant, National Machinery Company ("National Machinery Co."), upon
information and belief, is a foreign corporation with a principal place of business
located at PO Box 648, Tiffin, Ohio 44883-2471. National Machinery Co. is
subject to this Court's jurisdiction, both under the common law and the provisions
of Massachusetts General Laws Chapter 223A.

3.      The defendant, National Machinery, LLC ("National Machinery, LLC"), upon
information and belief, is a foreign corporation with a principal place of business
located at 161 Greenfield Street, Tiffin, Ohio 44883-2471. National Machinery,
LLC is subject to this Court's jurisdiction, both under the common law and the
provisions of Massachusetts General Laws Chapter 223A.

4.      On or about August 2, 2001, the defendant, National Machinery Co., had
contracted with Thermo Electron Corporation to design, manufacture, distribute,
supply, sell, service, examine, evaluate, inspect and/or test a National Machinery
700 Ton Maxipres Forge Press, Serial Number 18225 (hereinafter the
"machine"). On or about August 2, 2001, the defendant, National Machinery Co.,
had distributed, supplied, sold, service, examined, evaluated, inspected and/or
tested the subject machine in Massachusetts.

5.      On or about August 2, 2001, the defendant, National Machinery, LLC, had
contracted with Thermo Electron Corporation to design, manufacture, distribute,
supply, sell, service, examine, evaluate, inspect and/or test the machine. On or
about August 2, 2001, the defendant, National Machinery, LLC, had distributed,
supplied, sold, service, examined, evaluated, inspected and/or tested the subject
machine in Massachusetts.

**EXHIBIT C**

6.  On or about August 2, 2001, the plaintiff, Vacirca, while working for his employer, Thermo Electron Corporation, was operating the subject machine with all due care when the subject machine injured the plaintiff.

7.  The plaintiff's claims against the defendant National Machinery Co., arise from the defendant's:
    a.  transacting business in the Commonwealth of Massachusetts;
    b.  contracting to supply services or things in the Commonwealth of Massachusetts;
    c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
    d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

8.  The plaintiff's claims against the defendant National Machinery, LLC, arise from the defendant's:
    a.  transacting business in the Commonwealth of Massachusetts;
    b.  contracting to supply services or things in the Commonwealth of Massachusetts;
    c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
    d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

## COUNT I

9.  The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10. This count is for negligence and is brought by the plaintiff against the defendant, National Machinery Co.

11. The defendant, National Machinery Co., was negligent with respect to the design, manufacture, distribution, supply, selling, servicing, examination, evaluation, inspection and/or testing of the subject machine and was negligent with respect to equipping the subject machine with adequate safeguards, warnings and/or instructions.

12. As the direct and proximate result of the defendant National Machinery's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical

care and treatment, incurred medical expenses, lost time from work; and his
ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the
defendant, National Machinery Company, in an amount sufficient to compensate him for
his losses and damages, together with interest and costs.

## COUNT II

13.  The plaintiff realleges and repeats each and every allegation contained in
     paragraphs 1 through 12 and incorporates each as if fully set forth herein.

14.  This Count is for Breach of Implied Warranty and is brought by the plaintiff
     against the defendant, National Machinery Co.

15.  The defendant, National Machinery Co., impliedly warranted to the plaintiff that
     the subject product and its component parts were merchantable, safe and fit for
     ordinary purposes. The defendant, National Machinery Co., is a merchant with
     respect to goods of the kind involved in the accident. The product, component
     parts of the product and the product warnings and instructions were defective,
     and therefore the product was not, in fact, merchantable, safe and fit as
     warranted by the defendant, National Machinery Co. The defendant therefore
     breached these warranties to the plaintiff.

16.  As the direct and proximate result of the defendant, National Machinery Co.'s
     said breaches of warranties, the plaintiff sustained severe and permanent
     physical injury, suffered great pain of body and anguish of mind, required
     extensive hospital and medical care and treatment, incurred medical expenses,
     lost time from work; and his ability to engage in normal and usual activities has
     been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the
defendant, National Machinery Company, in an amount sufficient to compensate him for
his losses and damages, together with interest and costs.

## COUNT III

17.  The plaintiff realleges and repeats each and every allegation contained in
     paragraphs 1 through 16 and incorporates each as if fully set forth herein.

18.  This count is for negligence and is brought by the plaintiff against the defendant,
     National Machinery, LLC.

19.  The defendant, National Machinery, LLC, was negligent with respect to the
     design, manufacture, distribution, supply, selling, servicing, examination,
     evaluation, inspection and/or testing of the subject machine and was negligent
     with respect to equipping the subject machine with adequate safeguards,
     warnings and/or instructions.

20. As the direct and proximate result of the defendant National Machinery, LLC's said negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II

21. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 20 and incorporates each as if fully set forth herein.

22. This Count is for Breach of Implied Warranty and is brought by the plaintiff against the defendant, National Machinery Co.

23. The defendant, National Machinery, LLC, impliedly warranted to the plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. The defendant, National Machinery, LLC, is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the defendant, National Machinery, LLC. The defendant therefore breached these warranties to the plaintiff.

24. As the direct and proximate result of the defendant, National Machinery, LLC's said breaches of warranties, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, Salvatore Vacirca, demands judgment against the defendant, National Machinery, LLC, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

SALVATORE VACIRCA
By his Attorney,

Richard J. Sullivan
BBO # 554085
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263-9400

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                         SUPERIOR COURT
                                                      C.A. # MICV2004-03022

SALVATORE VACIRCA,                   )
        Plaintiff                    )
                                     )
v.                                   )
                                     )
NATIONAL MACHINERY COMPANY,          )
and NATIONAL MACHINERY, LLC,         )
        Defendants                   )



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 13 2005

CLERK

### AFFIDAVIT OF RICHARD J. SULLIVAN PURSUANT TO
### MASSACHUSETTS RULE OF CIVIL PROCEDURE 4(f)

I, Richard J. Sullivan, on oath and state that:

1.  Pursuant to Mass. R. Civ. P. 4(e)(3), I served the defendant, National Machinery
    Company service of process by mailing a copy of the following by United States
    Express Mail, Return Receipt Requested:

    Copy of Plaintiff's Amended Complaint
    Copy of Plaintiff's Summons
    Plaintiff's First Request for the Production of Documents
    Plaintiff's First Set of Interrogatories

2.  As proof of service I attach the signed return receipts,
            # EU 955161775 US, date of delivery June 6, 2005
            # EU 955161789 US, date of delivery June 6, 2005

Signed under the pains and penalties of perjury this 13th day of June 2005

Richard J. Sullivan

**EXHIBIT B**



MAS-20041213                          **Commonwealth of Massachusetts**                          07/20/2005
holifave                                  MIDDLESEX SUPERIOR COURT                               09:28 AM
                                              Case Summary
                                              Civil Docket

## MICV2004-03022
## Vacirca v National Machinery Company et al

| Defendant |
| --- |
| Doe Company |
| Inactive 04/22/2005 |

| Date | Paper | Text |
| --- | --- | --- |
| 07/30/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/30/2004 | | Origin 1, Type B05, Track A. |
| 10/28/2004 | 2.0 | Affidavit of compliance with long-arm statute with proof of service |
| | | on out of state defendant National Machinery Company |
| 10/28/2004 | 3.0 | Plaintiff's Emergency Motion to Extend Time for Service of Process |
| | | for 60 days as to "Doe" Company |
| 11/03/2004 | | MOTION (P#3) ALLOWED. (Kenneth J. Fishman, Justice). Notices mailed |
| | | November 03, 2004. |
| 04/13/2005 | 4.0 | Plaintiff, Salvatore Vacirca's MOTION to Strike the Appearance of |
| | | Attorney Thomas Mysliwicz, Rule 9A Affidavit of Compliance; WITH |
| | | OPPOSITION by Attorney Thomas Mysliwicz |
| 04/22/2005 | 5.0 | Plaintiff's MOTION for Leave to Serve his Amended Complaint. |
| 05/16/2005 | | MOTION (P#5) ALLOWED Dated: May 11, 2005 (Kenneth J. Fishman, |
| | | Justice) Notices mailed May 16, 2005 |
| 05/16/2005 | 5.1 | Plff's Amended complaint replacing National Machinery, LLC for the |
| | | deft Doe Company, making them (Inactive) Found in file docketed on |
| | | 6/21/05 |
| 06/13/2005 | 6.0 | SERVICE RETURNED (summons): National Machinery Company, service made |
| | | on June 06, 2005 (certified mail), receipt attached, P. O. Box 747, |
| | | Tiffin, OH 44883. Affidavit attached |
| 06/13/2005 | 6.1 | SERVICE RETURNED:  National Machinery, LLC(Defendant) 6/6/05 by cert |
| | | mail, receipt attached, 161 Greenfield Street, Tiffin, OH 44883 |
| 06/13/2005 | 6.2 | Plaintiff's MOTION to Strike the Appearance of Attorney Thomas |
| | | Mysliwicz, Said Attorney's Opposition. |
| 06/16/2005 | 7.0 | ORDER OF DISMISSAL re:  Doe Company (w/o prejudice; service not |
| | | complete by 1-88 deadline). Copies mailed. |
| 06/16/2005 | | Case status changed to 'Needs review for answers' at service deadline |
| | | review |
| 06/21/2005 | | Case status changed to 'Needs status review' at answer deadline review |
| 06/22/2005 | | MOTION (P#8) ALLOWED, After hearing, and upon review, Motion is |
| | | Allowed. (Kenneth J. Fishman, Justice) Dated 6/14/05 entered on the |
| | | docket and notices mailed June 22, 2005. |
| 07/19/2005 | 8.0 | Case REMOVED this date to US District Court of Massachusetts by |
| | | Defendant, National Machinery LLC. |
| 07/19/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT. |



MAS-20041213                          **Commonwealth of Massachusetts**                          07/20/2005
holllave                              **MIDDLESEX SUPERIOR COURT**                              09:28 AM
                                              **Case Summary**
                                              **Civil Docket**

**MICV2004-03022**
**Vacirca v National Machinery Company et al**

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-11419-MLW

Vacirca v. National Machinery Company et al
Assigned to: Chief Judge Mark L. Wolf
Referred to: Magistrate Judge Judith G. Dein
Case in other court: Middlesex Superior Court, 04-03022
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 07/06/2005
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

### Plaintiff

**Salvatore Vacirca**

represented by **Richard J. Sullivan**
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
781-263-9400
Fax: 781-239-9400
Email: sullivanllp@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**National Machinery Company**

represented by **William F. Ahern, Jr.**
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920
Fax: 617-494-1921
Email: wahern@chelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**National Machinery, LLC**

represented by **Daniel E. Morrison**
Sachnoff & Weaver, Ltd.
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
US
312-207-1000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Whitt**

Sachnoff & Weaver, Ltd.
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
312-207-1000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael B. Newman**
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920
Fax: 617-494-1921
Email: mnewman@chelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William F. Ahern, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2005 | 1 | NOTICE OF REMOVAL by National Machinery, LLC from Middlesex Superior Court, case number 04-3022. $ 250, receipt number 65420, filed by National Machinery, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Civil Cover Sheet)(Boyce, Kathy) (Entered: 07/08/2005) |
| 07/06/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Boyce, Kathy) (Entered: 07/08/2005) |
| 07/13/2005 | 2 | *Answer to Amended Complaint* ANSWER to Complaint (Notice of Removal) by National Machinery, LLC, National Machinery, LLC. (Newman, Michael) (Entered: 07/13/2005) |
| 07/27/2005 | 3 | STATE COURT Record from the Middlesex Superior Court, FILED. (Attachments: # 1)(Boyce, Kathy) (Entered: 08/01/2005) |
| 09/28/2005 | 4 | Judge Mark L. Wolf : ORDER entered. MEMORANDUM AND ORDER. The parties are being ordered to inform the court by October 19, 2005 whether they consent to a transfer of this case to Magistrate Judge for all purposes. (Attachments: # 1)(O'Leary, Dennis) (Entered: 09/30/2005) |
| 10/19/2005 | 5 | Response by Salvatore Vacirca to 4 Memorandum & ORDER Declining to Consent to Reassignment of Case to a Magistrate Judge, FILED. (Boyce, Kathy) (Entered: 10/24/2005) |
| | | |

| 11/16/2005 | 6 | Judge Mark L. Wolf : ORDER entered. REFERRING CASE to Magistrate Judge Judith G. Dein Referred for: Full pre-trial purposes including any necessary report and recommendation(O'Leary, Dennis) (Entered: 11/16/2005) |
|---|---|---|
| 11/18/2005 | 7 | NOTICE of Scheduling Conference Scheduling Conference set for 12/14/2005 02:30 PM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Dambrosio, Jolyne) (Entered: 11/18/2005) |
| 11/28/2005 | 8 | MOTION for Leave to Appear Pro Hac Vice by Jeffrey B. Whitt by National Machinery, LLC., FILED, c/s. (Attachments: # 1 Affidavit of Jeffrey B. Whitt)(Boyce, Kathy) (Entered: 12/02/2005) |
| 11/28/2005 | 9 | MOTION for Leave to Appear Pro Hac Vice by Daniel E. Morrison by National Machinery, LLC., FILED, c/s. (Attachments: # 1 Affidavit of Daniel E. Morrison)(Boyce, Kathy) (Entered: 12/02/2005) |
| 12/08/2005 | 10 | CERTIFICATION pursuant to Local Rule 16.1 by National Machinery, LLC.(Newman, Michael) (Entered: 12/08/2005) |
| 12/08/2005 | 11 | Document disclosure by National Machinery, LLC.(Newman, Michael) (Entered: 12/08/2005) |
| 12/08/2005 | 12 | Statement of counsel. (Newman, Michael) Modified on 12/27/2005 to correct the name of event selected when e-filed from Joint Statement of counsel to: statement of counsel (Boyce, Kathy). (Entered: 12/08/2005) |
| 12/13/2005 | 13 | Joint MOTION To Continue Scheduling Conference by Salvatore Vacirca.(Sullivan, Richard) Modified on 12/14/2005 to correct the name of the event used when e-filed from order of sale to motion to continue and to correct the text of this entry (Boyce, Kathy). Modified on 12/15/2005 to add document complete with signature page (Boyce, Kathy). Additional attachment(s) added on 12/15/2005 (Boyce, Kathy). (Entered: 12/13/2005) |
| 12/13/2005 | | Filing fee: $100.00 regarding payment of pro hac vice filing fees with respect to document Nos. 8 and 9 (Boyce, Kathy) (Entered: 12/16/2005) |
| 12/14/2005 | | Judge Judith G. Dein : Electronic ORDER entered granting 13 Joint Motion to Continue Scheduling Conference. The Conference is continued to 1/19/06 at 10:15AM in Courtroom #15 on the 5th Floor. (Dambrosio, Jolyne) (Entered: 12/14/2005) |
| 12/14/2005 | | Notice of correction to docket made by Court staff. Correction: Document No. 13, Motion to Continue Scheduling Conference corrected because: to correct the name of the event inadvertently used when e-filed from order of sale to motion to continue (Boyce, Kathy) (Entered: 12/14/2005) |
| 12/14/2005 | 14 | Letter dated 12/13/05 from Michael B. Newman to Ms. Boyce enclosing $100.00 check in payment of pro hav vice fees with respect to docket entries 8 and 9, FILED. (Boyce, Kathy) (Entered: 12/16/2005) |
| 12/15/2005 | | Notice of correction to docket made by Court staff. Correction: |

| | | |
|---|---|---|
| | | Document No. 13, Joint Motion to Continue Scheduling Conference to add document complete with the attorney's electronic signature (Boyce, Kathy) (Entered: 12/15/2005) |
| 12/16/2005 | | Filing fee: $ 100.00, receipt number 321 68970 regarding Document Nos. 7 and 8 (Boyce, Kathy) (Entered: 12/19/2005) |
| 12/19/2005 | | Judge Judith G. Dein : Electronic ORDER entered granting 8 Motion for Leave to Appear Pro Hac Vice & 9 Motion for Leave to Appear Pro Hac Vice. Added Jeffrey B. Whitt & Daniel E. Morrison for National Machinery, LLC. (Dambrosio, Jolyne) (Entered: 12/19/2005) |
| 12/27/2005 | | Notice of correction to docket made by Court staff. Correction: Document No. 12, Statement of counsel corrected because: to correct the name of event selected when e-filed from joint statement of counsel to: statement of counsel (Boyce, Kathy) (Entered: 12/27/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/12/2006 13:02:19 | | | |
| PACER Login: | me0106 | Client Code: | vacirca |
| Description: | Docket Report | Search Criteria: | 1:05-cv-11419-MLW |
| Billable Pages: | 2 | Cost: | 0.16 |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
C.A. #MICV2004-03022

SALVATORE VACIRCA,                          )
                                            )
           Plaintiff                        )
                                            )
v.                                          )
                                            )
NATIONAL MACHINERY COMPANY,                 )
and NATIONAL MACHINERY, LLC,                )
                                            )
           Defendants                       )

## CERTIFICATION OF JOHN H. BOLTE, III

I, John H. Bolte, III, certify that:

1.     I am a Senior Vice President of National Machinery LLC, defendant in the above matter and have held that position since February 2002.

2.     Since February 2002, P.O. Box 747, Tiffin, Ohio 44883, has been owned and controlled by National Machinery LLC. Since February 2002, the aforesaid post office box address has not been the post office box address nor has it been a place of business for The National Machinery Company.

3.     Since February 2002, 161 Greenfield Street, Tiffin, Ohio has been owned and controlled by National Machinery LLC. Since February 2002, 161 Greenfield Street, Tiffin, Ohio has not been the street address nor has it been a place of business for The National Machinery Company.

4.     On information and belief, the correct mailing address for The National Machinery Company is P.O. Box 648, Tiffin, Ohio 44883.

5.     Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed on:   July 6, 2005

_____
John H. Bolte

209664/0002/763060/Version #:.1

EXHIBIT F