UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SALVATORE VACIRCA,                        )
    Plaintiff                              )
                                           )
v.                                        )        C.A. No. 05-11419-MLW
                                           )
NATIONAL MACHINERY COMPANY,               )
and NATIONAL MACHINERY, LLC,              )
    Defendants                             )

## PLAINTIFF'S STATEMENT PURSUANT TO RULE 16.1

I.    Summary of Plaintiff's Position

    Plaintiff concurs with the defendant's statement concerning the parties' positions. However, plaintiff states that the defendant, National Machinery, LLC, does not appear to be without liability in this case. As such, the defendant's claim that it is, or may be, entitled to Summary Judgment at an early stage of the proceedings, is premature. Plaintiff opposes bifurcation of discovery in this matter.

    Plaintiff submits that the defendants appear to be intertwined and are both liable for plaintiff's injuries. For example, the defendants were served with process by Certified Mail, under Massachusetts' so-called "Long-Arm" statute. Although defendant's, National Machinery, LLC counsel claims that the defendants are separate entities, the same individual signed the Postal Service Return Receipt Requested cards for both defendants. Thus, it seems appropriate that plaintiff have discovery

from both defendants as to all aspects of his case. Once discovery is complete, then either or both defendants may move for Summary Judgment, if they continue to believe that they are entitled to judgment as a matter of law.

II.    Dates for Proposed Discovery Plan

A. Fact Discovery, including interrogatories, responses to requests for production, and all non-expert depositions, will be completed by June 13, 2006. Following this, plaintiff agrees to defendant's proposed phased discovery on the question of successor liability as to National Machinery LLC to be completed by September 13, 2006

B. Expert Discovery

1. Disclosure by plaintiff of any expert 30 days thereafter (October 13, 2006).

2. Disclosure by the defendant of any expert thirty days thereafter (November 13, 2006).

3. Discovery relating to plaintiff's expert to be complete thirty days thereafter (December 13, 2006).

4. Discovery relating to defendant's expert to be complete thirty days thereafter (January 13, 2007).

5. Disclosure of rebuttal expert, if any, within forty-five days thereafter (February 28, 2007).

6. Discovery relating to rebuttal expert to be completed within forty-five days thereafter (April 15, 2007).

III.    Proposed Schedule for Filing of Motions

    a. Deadline for filing Motions to Amend under Rule 15: 8/31/06

    b. Deadline for filing Motions to Dismiss under Rule 12: 9/29/06

    c. Deadline for filing Motions for Summary Judgment under Rule 56: 1/11/07

    d. Deadline for filing of Pre-Trial Motions: No later than seven (7) days before the date set for Final Pretrial Conference.

Respectfully submitted,

The Plaintiff,
By his Attorney,

/s/ Richard J. Sullivan
Richard J. Sullivan
BBO # 554085
Sullivan and Sullivan LLP
40 Washington Street
Wellesley, MA 02481
(781) 263 – 9400

Dated: January 18, 2006