UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**SALVATORE VACIRCA,**
        Plaintiff

v.

**NATIONAL MACHINERY COMPANY,**
**and NATIONAL MACHINERY, LLC,**
        Defendants.

CIVIL ACTION NO. 05-11419-MLW

**DEFENDANT, NATIONAL MACHINERY COMPANY'S,**
**STATEMENT PURSUANT TO RULE 16.1**

---

**I.  INTRODUCTION**

Defendant, National Machinery Company ("NMC"), has appeared in this matter solely for the purpose of moving, pursuant to Fed. R. Civ. P. 12(b), for an order dismissing Count I and Count II of Plaintiff's Amended Complaint on the grounds that NMC is not subject to the jurisdiction of this Court and because process has not been properly served on NMC. On January 12, 2005, NMC filed a Motion to Dismiss. This Motion is pending before the Court.

Upon information and belief, in early 2002, an equity purchase of all assets of NMC was completed. NMC is presently defunct. It has no employees and no assets. The undersigned counsel is attempting to locate a currently authorized representative of NMC to assist in the defense of this matter.

St. Paul Travelers Surplus Lines Insurance Company ("St. Paul Travelers") issued a Products and Completed Work Liability Protection policy to NMC. This policy has a limit of liability of $1 million per occurrence, above a self-insured retention of $175,000.

**II.     PROPOSED PRETRIAL SCHEDULE**

NMC concurs with National Machinery LLC's proposal to bifurcate discovery and with its proposed discovery plan. NMC further proposes that all discovery against it, including automatic disclosures, be stayed pending the Court's ruling on its Motion to Dismiss and National Machinery LLC's anticipated summary judgment motion on the successor liability issue only.

**III.    PROPOSED MOTION SCHEDULE**

NMC concurs with National Machinery LLC's proposed schedule for filing of motions.

**IV.    CERTIFICATIONS**

Pursuant to Local Rule 16.1(3), once the undersigned counsel is able to locate a currently authorized representative of NMC to assist in the defense of this matter, we will confer with our client and discuss: (1) the costs of conducting the full course - and various alternative courses - of the litigation; and (2) to the possible resolution of the litigation through the use of alternative dispute resolution programs. The undersigned counsel has conferred with a representative of St. Paul Travelers concerning the costs of litigation and the possible resolution of the litigation through the use of alternative dispute resolution programs.

**Dated:**    January 20, 2006

Respectfully submitted,

_____/s/_____    _____
Mark E. Cohen           [BBO #089800]
Robert J. Maselek       [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

*Attorneys for Defendant*
*National Machinery Company*

2

## Certificate of Service

I hereby certify that on January 20, 2006, a copy of the foregoing DEFENDANT, NATIONAL MACHINERY COMPANY'S, STATEMENT PURSUANT TO RULE 16.1 has been served upon all counsel of record by regular mail:

William F. Ahern, Jr., Esq.  
**Clark, Hunt & Embry**  
55 Cambridge Parkway  
Cambridge, MA    02142

Richard J. Sullivan, Esq.  
**Sullivan & Sullivan, LLP**  
31 Washington Street  
Wellesley, MA 02481

Daniel E. Morrison  
**Sachnoff & Weaver, Ltd.**  
10 South Wacker Drive  
40th Floor  
Chicago, IL 60606-7507

DATED this 20th day of January, 2006.

_____/s/_____  
Robert J. Maselek, Esq.

#80835v1<MEBOS> -vacirca v NMC- Rule 16.1 Statement (final)